CT Corporation

**Service of Process Transmittal**
07/09/2021
CT Log Number 539876924

TO:   Erin Lunn Ricouard
      Progressive Casualty Insurance Company
      1425 AIRLINE DR STE 150
      METAIRIE, LA 70001-5901

RE:   **Process Served in Louisiana**

FOR:  Progressive Casualty Insurance Company  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MADISON MORRIS, PLTF. vs. RAFIK EL BOGHDADY, ET AL., DFTS. // TO: PROGRESSIVE CASUALTY INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Letter, Citation, Petition |
| **COURT/AGENCY:** | LIVINGSTON; 21ST JUDICIAL DISTRICT COURT, LA
Case # 000000170739 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/09/2021 postmarked on 06/29/2021 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after the service hereof |
| **ATTORNEY(S) / SENDER(S):** | Greg Murphy
GORDON MCKERNAN INJURY ATTORNEYS
5656 Hilton Avenue
Baton Rouge, LA 70808
225-215-6092 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/09/2021, Expected Purge Date: 07/14/2021

Image SOP

Email Notification,  Robin Acrey  robin_acrey@progressive.com

Email Notification,  Erin Lunn Ricouard  erin_lunn@progressive.com

Email Notification,  Michelle McReynolds  MICHELLE_L_MCREYNOLDS@progressive.com

Email Notification,  Peggy Ripp  peggy_ripp@progressive.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816
800-448-5350
MajorAccountTeam1@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
07/09/2021
CT Log Number 539876924

**TO:**   Erin Lunn Ricouard
Progressive Casualty Insurance Company
1425 AIRLINE DR STE 150
METAIRIE, LA 70001-5901

**RE:**   **Process Served in Louisiana**

**FOR:**   Progressive Casualty Insurance Company  (Domestic State: OH)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**R. KYLE ARDOIN**
**SECRETARY OF STATE**
**P.O. BOX 94125**
**BATON ROUGE, LA 70804-9125**



FIRST CLASS

U.S.POSTAGE ≫ PITNEY BOWES

ZIP 70802
02 4W
0000367744 JUN. 29 2021.

$ 006.40⁰



PROGRESSIVE CASUALTY INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA  70816

Suit No.: 202102364

# State of Louisiana
# Secretary of State

06/29/2021

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

PROGRESSIVE CASUALTY INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

Suit No.: 170739
21ST JUDICIAL DISTRICT COURT
LIVINGSTON PARISH

MADISON MORRIS
vs
RAFIK EL BOGHDADY, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN                    Date: 06/28/2021
Served by: E CUMMINS                          Title: DEPUTY SHERIFF

**No: 1203546**



DB

## CITATION
## PETITION FOR DAMAGES/ REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED



*MORRIS, MADISON*

*Vs.*

*EL BOGHDADY, RAFIK - ET AL*

**Case:** 000000170739
**Division:** C
21st *Judicial District Court*
*Parish of Livingston*
*State of Louisiana*

SERVED ON
R. KYLE ARDOIN

*To:* PROGRESSIVE CASUALTY INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809                     *of EAST BATON ROUGE Parish*

JUN 2 8 2021

SECRETARY OF STATE
COMMERCIAL DIVISION

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON JUNE 22, 2021.**

*Clerk of Court*
21st *Judicial District*
*Parish of Livingston*

***S.ROOT***_____
*Deputy Clerk of Court*

*Attorney*
GREG MURPHY
5656 HILTON AVENUE
BATON ROUGE, LA 70808

### Service Information

*Received on the* _____ *day of* _____, *20_____ and on the* _____ *day of*

_____, *20_____ served the above named party as follows:*

**Personal Service** *on the party herein named* _____.
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:*_____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, *20_____.*

*Service*     $_____

*Mileage*     $_____          *By:* _____
                                          *Deputy Sheriff*

*Total*       $_____

[ SERVICE ]

FILED·
CLERK OF COURT
PARISH OF LIVINGSTON

MADISON MORRIS       2021 JUN 21  AM 10: 11       SUIT NO.: 170739  SEC: C

21ST JUDICIAL DISTRICT COURT

VERSUS       DEPUTY CLERK       PARISH OF LIVINGSTON

RAFIK EL BOGHDADY,
KYT FREIGHT, LLC AND
PROGRESSIVE CASUALTY INSURANCE
COMPANY                                      STATE OF LOUISIANA
****************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, **MADISON**

**MORRIS** of legal age and majority, domiciled in the Parish of Livingston, State of Louisiana, who

respectfully represents the following, to wit:

1.

Made Defendants herein are:

a.  **RAFIK EL BOGHDADY,** a resident of the full age of majority, domiciled in the State
    of Tennessee, who can be served through Louisiana Long-Arm Statute at 5113
    Brookstone CT, Antioch, Tennessee 37013;

b.  **KYT FREIGHT, LLC,** and/or an affiliate thereof, a foreign limited liability company
    who can be served through Louisiana Long-Arm Statute at 5113 Brookstone Ct,
    Antioch, Tennessee 37013; and,

c.  **PROGRESSIVE CASUALTY INSURANCE COMPANY,** and/or an affiliate
    thereof, a foreign insurance company authorized to do and doing business in the State
    of Louisiana, which may be served through its registered agent for service of process,
    Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2.

On or about July 1, 2020, at approximately 8:23 p.m., **MADISON MORRIS** was the

operator of a 2008 Honda Civic, traveling southbound on South Range Avenue in the right-hand

lane, in Denham Springs, Livingston Parish, Louisiana.

3.

On the same day, Defendant **RAFIK EL BOGHDADY,** was operating a 2015 Freightline

Cascadia Trailer and was traveling southbound on South Range Avenue in the right lane, in

Denham Springs, Livingston Parish, Louisiana.

4.

On the same date, **Madison Morris** was lawfully proceeding the route when **Rafik El**

**Boghdady,** moved from the right lane into the left lane in order to make a wide right turn into the

Pilot Truck Stop and when turning from the left lane into the Pilot Truck Stop, failed to see

Madison Morris who was traveling in the right lane.

5.

A direct and proximate cause of the accident detailed above, and the personal injuries suffered by, **MADISON MORRIS** was the negligence of defendant, **RAFIK EL BOGHDADY**, in the following non-exclusive particulars:

    A.  Failing to properly maintain his vehicle;

    B.  Failing to maintain proper control of his vehicle;

    C.  Inattentiveness and/or distraction;

    D.  Failing, generally to exercise a degree of care commensurate with the existing circumstances at the time of the accident; and,

    E.  Failing in other particulars which will be demonstrated through discovery or at the trial of this matter.

6.

As a direct result of the accident sued upon herein, **MADISON MORRIS** has been forced to undergo medical treatment for injuries; and said injuries have required continued medical treatment, including pain management and medical expenses and caused mental anguish pain and suffering, physical pain and suffering, economic loss, lost wages and disability.  All of which entitle **MADISON MORRIS** to the recovery of such damages as are reasonable in the premises.

7.

At the time of the above-described accident, **RAFIK EL BOGHDADY** was operating the vehicle owned by defendant, **KYT FREIGHT LLC**, and therefore, defendant, **KYT FREIGHT LLC,** is vicariously liable for the negligent acts of its operator, **RAFIK EL BOGHDADY**.

8.

At all times herein, defendant, **PROGRESSIVE CASUALTY INSURANCE COMPANY,** had issued **KYT FREIGHT, LLC.**, and there was force in effect, a policy of automobile liability insurance covering defendant, **RAFIK EL BOGHDADY**, for the acts of the kind and nature herein asserted.

9.

Pursuant to the provisions of the Louisiana Code of Civil Procedure, Article 1423, et seq., the plaintiff is entitled to a certified copy of any insurance policies issued to and/or otherwise insuring **KYT FREIGHT, LLC.** for the claims made by plaintiff herein.  Plaintiff herein requests a certified copy of any and all such policies of insurance within thirty (30) days of service of the petition upon them.

WHEREFORE, MADISON MORRIS, prays that there be judgment herein and in her favor and against defendants, RAFIK EL BOGHDADY, KYT FREIGHT LLC AND PROGRESSIVE CASUALTY INSURANCE COMPANY. *in solido,* for such damages as are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid and for all costs disbursements in bringing her cause.

Petitioners further prays for all full, further, general and equitable relief warranted in her cause herein.

Respectfully Submitted:

**GORDON MCKERNAN INJURY ATTORNEYS**

**Greg Murphy (#19260)**
5656 Hilton Avenue
Baton Rouge, Louisiana 70808
Telephone: (225) 215-6092
Facsimile: (225) 243-4226

**PLEASE SERVE:**

**RAFIK EL BOGHDADY**
*Through Louisiana Long-Arm,*
5113 Brookstone Ct
Antioch, Tennessee 37013

**KYT FREIGHT, LLC**
**Through Louisiana Long-Arm,**
**5113 Brookstone Ct**
**Antioch, Tennessee 37013**

**PROGRESSIVE CASUALTY INSURANCE COMPANY**
*Through its registered agent for service for service*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

21st JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true copy of the original
this_____20___
Deputy Clerk of Court

MADISON MORRIS

SUIT NO.: 170139 SEC: C

21ST JUDICIAL DISTRICT COURT

VERSUS

PARISH OF LIVINGSTON

RAFIK EL BOGHDADY,
KYT FREIGHT, LLC AND
PROGRESSIVE CASUALTY INSURANCE
COMPANY

STATE OF LOUISIANA

## REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND
## WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

---

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil

Procedure, you are hereby requested to send to us, Greg Murphy, Gordon McKernan Injury

Attorneys, as counsel for Plaintiff, **MADISON MORRIS**, in the above captioned matter, written

notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing on this

case, whether on exception, rules, or on the merits thereof, or any assignment of fixing of said

case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of

Civil Procedure, you are hereby also requested to send to us immediately notice of any order or

judgment made or rendered in this case, upon the entry of such order or judgment. This request

for notice is made with full reservation of all rights, and we thank you for your customary courtesy

and cooperation.

Respectfully Submitted,

**GORDON McKERNAN INJURY ATTORNEYS**

Greg Murphy (#19260)
5656 Hilton Avenue
Baton Rouge, Louisiana 70808
Telephone: (225) 215-6092
Facsimile: (225) 243-4226

FILED
CLERK OF COURT
PARISH OF LIVINGSTON
2021 JUN 21 AM 10: 24
DEPUTY CLERK

21st JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true copy of the original
this 6/22/2021 20_____
Deputy Clerk of Court

444.0359

## 21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

### STATE OF LOUISIANA

NO.: 170739                                                        DIVISION: C

#### MADISON MORRIS

#### VERSUS

#### RAFIK ELBOGHDADY, ET AL.

FILED: _____

_____
DEPUTY CLERK

*(stamp: FILED / 2021 SEP 27 PM 2:58 / DEPUTY CLERK / CLERK OF COURT / PARISH OF LIVINGSTON)*

## MOTION FOR EXTENSION OF TIME

**NOW INTO COURT**, through undersigned counsel, comes defendant(s), **Progressive Casualty Insurance Company,** in the above captioned matter, who represents as follows:

Undersigned counsel has been retained to represent the interests of defendant(s), **Progressive Casualty Insurance Company,** in the above-captioned matter. Undersigned counsel was just advised of the assignment of the above matter for defense, and additional time is required to secure the file in order to properly plead, and therefore, mover desires an additional thirty (30) days in which to file responsive pleadings.

## O R D E R

**IT IS ORDERED** that defendant(s), **Progressive Casualty Insurance Company,** be and is hereby GRANTED an extension of time of thirty (30) days within which to file responsive pleadings in the above-captioned matter.

Livingston, Louisiana, this ___15th___ day of ___October___, 2021.

21st JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true copy of the original
this_____10/4/2021_____20___
_____
Deputy Clerk of Court

_____
JUDGE            **JUDGE ERIKA W. SLEDGE**

Respectfully submitted;

_____
**PATRICK D. DeROUEN (#20535)**
**LAURIE L. DeARMOND (#26622)**
**CHRISTOPHER J. SEEMANN (#36939)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
        ldearmond@derouenlaw.com
        cseemann@derouenlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2021, a copy of the foregoing pleading was served upon counsel for all parties to this proceeding, by placing same in the United States mail, properly addressed and first class postage paid.

_____
**CHRISTOPHER J. SEEMANN, ESQUIRE**

OCT 0 6 2021

FAXED
LIVINGSTON PARISH
CLERK OF COURT
DATE 9/23/21

464.0359

21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

NO.: 170739                                        DIVISION: C

MADISON MORRIS

VERSUS

RAFIK ELBOGHDADY, ET AL.

FILED:_____

                                    _____
                                    DEPUTY CLERK

## ANSWER TO PETITION FOR DAMAGES AND REQUEST FOR JURY

NOW INTO COURT, through undersigned counsel, comes PROGRESSIVE HAWAII INSURANCE CORPORATION, erroneously identified as PROGRESSIVE CASUALTY INSURANCE COMPANY, hereinafter PROGRESSIVE, sought to be made defendant herein, who appear for the purposes of responding to the plaintiff's Petition for Damages and who respectfully avers:

1.

The allegations in Paragraph 1 of the Petition for Damages are denied except to admit that PROGRESSIVE HAWAII INSURANCE CORPORATION, erroneously identified as PROGRESSIVE CASUALTY INSURANCE COMPANY is a foreign insurance company authorized to do and doing business in this Parish and State. Except as admitted, the allegations in Paragraph 1 of the Petition for Damages are denied.

2.

The allegations in Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

3.

The allegations in Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

4.

The allegations in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

5.

The allegations in Paragraph 5 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

OUR FILE: 464.0359                                        OCT 18 2021

6.

The allegations in Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

7.

The allegations in Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

8.

The allegations in Paragraph 8 of the Petition for Damages are denied except to admit that if PROGRESSIVE HAWAII INSURANCE CORPORATION, issued an insurance policy to for or on behalf of KYT FREIGHT, LLC, said policy speaks for itself and constitutes the best evidence of its terms, conditions, applications, exclusions and limitations thereof, the contents of which are pled herein as if copied herein in extensor, but without admitting any liability and/or damages and without waiving any exceptions, defenses and/or objections. Except as admitted, the allegations in Paragraph 8 of the Petition for Damages are denied.

9.

The allegations in Paragraph 9 of the Petition for Damages does not require an answer from Respondent. However, in an abundance of caution, the allegations in Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein and Respondent calls for strict proof. Except as admitted, the allegations in Paragraph 9 of the Petition for Damages are denied.

## AFFIRMATIVE DEFENSES

PROGRESSIVE HAWAII INSURANCE CORPORATION, hereinafter Respondent and/or Defendant, asserts the following affirmative defenses and respectfully avers:

10.

Respondent denies any liability whatsoever to Plaintiff.

11.

Respondent avers that this accident was caused by the negligence of MADISON MORRIS, and/or other third parties over whom Respondent had no control, which acts of negligence would serve as a bar to or in mitigation of any damages suffered, and which acts of negligence include, but are not limited to:

(a)    Failure to see what should have been seen;

OUR FILE: 464.0359

(b)    Failing to keep a proper lookout;

(c)    Failing to take a last clear chance to avoid the accident in question;

(d)    Being inattentive to traffic conditions;

(e)    Failing to act as a reasonably prudent person would act under the same or similar circumstances;

(f)    Failure to yield;

(g)    Creating a sudden emergency;

(h)    Any and all other acts of negligence which may become apparent through the investigation and/or trial of this matter, all of which are specifically pled herein as if copied herein *in extenso;*

all of which acts of negligence were the sole and proximate cause of the accident in question and which were in violation of the Parish and State laws and ordinances which are pleaded herein as if copied herein *in extenso*.

12.

Respondent avers that Plaintiff failed to mitigate her damages.

13.

The damages awarded or to be awarded the Plaintiff should be reduced in proportion to the percentage fault of any other obligor or tort-feasor.

14.

Respondent avers that it is entitled to a credit for any and all amounts paid or to be paid to the Plaintiff by them or by any other party.

15.

Respondent avers that the Plaintiff's claims have prescribed.

16.

Respondent avers that the accident, as alleged by the Petition for Damages, did not occur.

17.

Respondent avers that the Plaintiff does not have any cause or right of action against them.

18.

Respondent avers that the Plaintiff's claims are premature.

OUR FILE: 464.0359

19.

Respondent avers the affirmative defense of want of amicable demand.

20.

Respondent avers the affirmative defense of want of No Pay/No Play.

21.

Respondent has not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondent avers that the injuries alleged by the Plaintiff may have been pre-existing and not caused by this accident, or that this accident only aggravated pre-existing injuries and did not cause the condition complained of by Plaintiff herein. Respondent reserves its right to supplement and amend the contents of this affirmative defense at any time.

22.

Respondent has not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondent avers that the Plaintiff's medical treatment, records and bills may contain billing irregularities, unnecessary treatments, unreasonable treatment and improvident medical care. Respondent reserves their right to supplement and amend the contents of this affirmative defense at any time.

23.

Respondent affirmatively avers that to the extent that Plaintiff has or may have received medical treatment at a charity hospital, or from any other healthcare provider (as defined in LSA-R.S. 40:1299 41(A)(1)) and/or has or may have received or was the beneficiary of payments of medical expenses under a policy or policies of health, accident, worker's compensation, medical, hospitalization insurance and/or was a Medicare or Medicaid beneficiary, Respondent herein hereby asserts the Exceptions of No Right and/or Cause of Action for, and affirmatively allege that Plaintiff is not entitled to any recovery to the extent of the aforementioned claims as transferred in whole, or in part, to any medical provider, insurer, individual or entity.

24.

Any recovery of medical expense by Plaintiff, or alternatively, any recovery of medical expense by Plaintiff as against this defendant, should be limited to the reasonable, customary and actual expenses incurred and paid, whether by Plaintiff or by any health insurer on their behalf, after credit for all contractual adjustments, write-offs or other credits or offsets. Any medical billing for fictional and/or inflated amounts in excess of the reasonable, customary and actual

charges for the services provided should be disregarded as without basis in reality, and any recovery by Plaintiff should be reduced to the reasonable, customary and actual expense.

25.

Any application of the legal doctrine known as the "collateral source rule" in contemporary circumstances, allowing recovery by Plaintiff of medical expenses which have been nominally billed in excess of the reasonable, customary and actual expense incurred, where the nominal medical billing has inflated to fictional proportions vastly exceeding actual expectations and reasonable customary billing, amounts to a denial constitutional guaranteed equal protection under the U.S. and Louisiana Constitutions, and is without legal justification, both generally and specifically with respect to this defendant.

26.

The Petition fails to state a claim upon which relief can be granted.

27.

And still further answering, Respondent avers that RAFIK EL BOGHDADY was not negligent and his actions did not cause this accident and/or plaintiff's injuries. RAFIK EL BOGHDADY was faced with a sudden emergency. The accident was unavoidable and beyond the scope of anything that he could have done to avoid the accident. RAFIK EL BOGHDADY used all reasonable caution to avoid the accident that forms the basis of this lawsuit.

28.

Without admitting that the Plaintiff's claims exceed the jurisdictional for a trial by jury, Respondent avers that if the Plaintiff's claims exceed the jurisdictional for a trial by jury, they are entitled to a jury trial and will post such bond that the Court may require.

29.

To the extent permitted by law, Respondent reserves their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Respondent, PROGRESSIVE HAWAII INSURANCE CORPORATION, erroneously identified as PROGRESSIVE CASUALTY INSURANCE COMPANY, prays that this Answer to Petition for Damages be deemed good and sufficient, for trial by jury if the facts so indicate, and, after due proceedings had, that there be Judgment

OUR FILE: 464.0359

rendered in its favor, dismissing the suit of Plaintiff, with prejudice, at Plaintiff's costs, and for all other general and equitable relief.

Respectfully submitted;

**PATRICK D. DeROUEN (#20535)**
**LAURIE L. DeARMOND (#26622)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
         ldearmond@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021, a copy of the above and foregoing was served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed.

**PATRICK D. DeROUEN, ESQUIRE**
**LAURIE L. DeARMOND, ESQUIRE**

OUR FILE: 464.0359

21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

NO. 170739                                            DIVISION: C

MADISON MORRIS

VERSUS

RAFIK ELBOGHDADY, ET AL.

FILED: _____

_____
DEPUTY CLERK

## REQUEST FOR NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, Progressive Hawaii Insurance Corporation, erroneously Progressive Casualty Insurance Company, hereby requests written notice of the date set for trial of the above numbered and entitled cause, or of the date set for trial of any pleadings or motions therein, at least ten (10) days before any trial. We also request notice of the signing of any final Judgment or the rendition of any interlocutory order or Judgment in said cause as provided by Article 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

_____
**PATRICK D. DeROUEN (#20535)**
**LAURIE L. DeARMOND (#26622)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
pderouen@derouenlaw.com
ldearmond@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021 a copy of the foregoing pleading was served on counsel for all parties to this proceeding, by placing same in the United States mail, properly addressed and first class postage paid.

_____
**PATRICK D. DeROUEN, ESQ.**
**LAURIE L. DeARMOND, ESQ.**

1

OUR FILE NO.: 464.0359

21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

NO. 170739                          DIVISION: C

MADISON MORRIS

VERSUS

RAFIK ELBOGHDADY, ET AL.

FILED:_____

_____
DEPUTY CLERK

## JURY ORDER

In accordance with C.C.P. Art. 1734.1 in lieu of Bond required in C.C.P. Art. 1734 the mover for the Jury Trial shall deposit $2,000.00 (Cash) per day for the first day and $400.00 per day for each day the trial is estimated to last.  The cash deposit shall be filed with the Clerk of Court no later than thirty days prior to trial.  The attorney for the mover shall present the receipt for the deposit to the court prior to commencement of the trial.  If the deposit is not timely made, any other party shall have an additional ten days to make the require deposit.  Failure to post the cash deposit shall constitute a waiver of a trial by jury.

LIVINGSTON, LOUISIANA this ____ day of _____, 2021.

_____
**JUDGE ERIKA W. SLEDGE**

OUR FILE: 464.0359